# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                          **PLAINTIFF**

**v.**                      **CASE NO. 4:13-CR-00107-BSM-2**

**DOUGLAS E. WILSON**                                                      **DEFENDANT**
Reg. # 27560-009

## ORDER

Douglas Wilson's amended *pro se* motion for compassionate release [Doc. No. 185] is denied because there are not extraordinary and compelling circumstances to reduce his revocation sentence. *See* 18 U.S.C. § 3582(c)(1)(A). Wilson's original motion for compassionate release [Doc. No. 182] is denied as moot.

Wilson was sentenced to imprisonment and supervised release for brandishing a firearm in furtherance of a drug transaction. *See* Doc Nos. 75–76, 85. His supervised release was revoked and he was sentenced to another 46 months of imprisonment to run concurrently with a 108 month sentence for possession with intent to distribute methamphetamine. *See* Doc. No. 145; Case No. 4:22-cr-00294-BSM, Doc. No. 39. Wilson is moving to reduce his 46 month revocation sentence to time served because this sentence prevents him from participating in rehabilitative programs and earning First Step Act credit and RDAP benefits.

It is unfortunate that Wilson cannot participate in some rehabilitation programs, but this is a normal incident of incarceration and is not an extraordinary and compelling reason to reduce his sentence. *United States v. Sesay*, No. CR 16-265(1) ADM, 2023 WL 1421455 (D. Minn. Jan. 31, 2023). Even if Wilson's 46 month revocation sentence was reduced to

time served, the Bureau of Prisons indicates that Wilson would still not be able to receive First Step Act credit on his 108 month sentence because he was sentenced in both cases on the same day and the 46 month sentence is a classified as a crime of violence. Therefore, the entire sentence is ineligible for credit.

Moreover, Wilson's hypertension and disc disease are not extraordinary or compelling reasons for a sentence reduction because these conditions are not terminal illnesses, do not diminish his ability to care for himself in prison, and do not substantially increase his risk of being affected by an infectious disease outbreak which cannot be timely mitigated. U.S.S.G § 1B1.13(b)(1); *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

Wilson's good behavior while incarcerated is commended but does not warrant the requested relief.

Finally, the section 3553(a) factors were considered in imposing a 46-month sentence and nothing Wilson's record supports a reduction. *See United States v. Ram*, No. 5:13-CR-50045, 2020 WL 3100837, at *3 (W.D. Ark. June 11, 2020) (no reason to revisit section 3553(a) factors when movant has not met his burden of showing extraordinary and compelling reasons to justify early release).

IT IS SO ORDERED this 16th day of January, 2026.

_____
UNITED STATES DISTRICT JUDGE